PER CURIAM.
 

 Eldor Miller appeals pro se from the Tax Court’s decision dismissing his petition for redetermination of deficiencies for tax years 1976 and 1977 for failure to comply with a court order requiring production of documents. The Tax Court entered a decision determining that appellant’s deficiencies and penalties for the tax years totaled $318,788.54.
 
 See
 
 26 U.S.C. § 7459(d) (“a decision by the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the [Commissioner]”). Appellant argues that he should be excused from the court order requiring production of documents in St. Paul, Minnesota because he could not afford the costs involved; appellant is a resident of Hazen, North Dakota.
 

 On March 9, 1982, the Commissioner sent appellant a statutory notice of deficiency; the deficiencies were attributable to appellant’s failure to report substantial sums of income in 1976 and 1977. On June 7, 1982, appellant filed a pro se petition for redeter-mination of the deficiencies, asserting that the Commissioner erroneously determined the deficiencies, erroneously disallowed deductions, and violated his constitutional rights. On August 5, 1982, the Commissioner denied the allegations and requested that the Tax Court enter a decision determining the deficiencies. On May 24, 1983, the Commissioner sent appellant an informal request, seeking a conference in St. Paul so that Commissioner’s counsel could examine documents to be used by appellant at trial, which was scheduled for September 19, 1983. Appellant responded that he would not attend the conference unless the Commissioner paid his and his accountant’s travel expenses. On June 8 the Commissioner sent appellant a formal request for production of documents.
 
 See
 
 Tax Court Rule 72. Again appellant refused, alleging an inability to pay travel expenses.
 

 On July 27 the Commissioner sought an order from the Tax Court to require appellant to produce the requested documents and to direct dismissal of the petition upon failure to comply. On August 10 the Tax Court issued an order requiring production of the documents in St. Paul by September 1 or to show cause at trial on September 19 why sanctions should not be imposed. Appellant did not produce the documents by September 1 but appeared at trial and moved to “voluntarily” dismiss his petition. Finding that appellant failed to prove cause for failing to comply with the court’s order, the Tax Court dismissed his petition and entered a decision determining his deficiencies and penalties.
 
 See
 
 Tax Court Rule 104 and 123.
 

 Pursuant to Rule 104(c) the Tax Court can impose a variety of sanctions when a party fails to obey a discovery order, including dismissal of a case. Rule 123(b) further provides that the Tax Court may dismiss a case at any time and enter a decision against the petitioner for failure to comply with an order. The Tax Court’s dismissal of a discovery order must be sustained on appeal unless the dismissal constitutes an abuse of discretion.
 
 See Steinbrecker v. Commissioner,
 
 712 F.2d 195 (5th Cir.1983);
 
 Prai
 
 
 *200
 

 rie v. Commissioner,
 
 469 F.2d 1085 (8th Cir.1972).
 

 Hart v. Commissioner,
 
 730 F.2d 1206, 1208 (8th Cir.1984) (per curiam).
 

 Under the circumstances of this case, we find that the Tax Court did not abuse its discretion. Appellant has offered no reason other than his unsubstantiated claim of inability to pay travel expenses to excuse his failure to comply with the production order.
 

 Apparently, appellant did bring some documents to trial on September 19. However, as the Commissioner points out, appellant did not seek a postponement of trial and his untimely offer of the documents at trial defeats the purpose of pretrial discovery.
 

 Accordingly, the order of the Tax Court is affirmed.