HERMAN WEDEKING AND MARGARET WEDEKING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wedeking v. Commissioner
Docket No. 16268-83.
United States Tax Court
T.C. Memo 1984-530; 1984 Tax Ct. Memo LEXIS 142; 48 T.C.M. (CCH) 1283; T.C.M. (RIA) 84530; October 3, 1984. *142 Ps, Chairman of the Board and president of Big Spirit Family Council, Inc. (Big Spirit) claimed deductions for cash contributions and donation deeds made to Big Spirit in 1979, which R disallowed. R, through discovery, sought documents to authenticate those claims. Ps failed to produce the documents despite a specific order of this Court directing them to do so. Held, Ps' failure constitutes a default under the circumstances of this case. R's Motion to Impose Sanctions, seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Held further, R's oral motion for damages is granted and damages in the amount of $5,000 are awarded to the United States since Ps' position in this proceeding is groundless. Sec. 6673, I.R.C. 1954. Herman Wedeking and Margaret Wedeking, pro se. [1] *143 Patrick J. Dowling and Linda R. Dettery, for the respondent. DAWSON MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion to Impose Sanctions under Rule 104[2] and respondent's oral motion for damages under section 6673. [3] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions Under Rule 104, filed on June 22, 1984, and respondent's oral motion for an award of damages pursuant to section 6673, made at the hearing at Washington, D.C. on August 22, 1984. Respondent, in his notice of deficiency issued to petitioners on March 31, 1983, determined a deficiency *144 in petitioners' Federal income tax and an addition to the tax under section 6653(a) for the taxable calendar year 1979 in the respective amounts of $23,898 and $1,240. Respondent, in his deficiency notice, determined the following adjustments to petitioners' income: Gross Receipts
$10,926 Depreciation
(1,262)
Employee Education Expense
4,000 Contributions
45,478 Exemptions
(3,000)
$56,142 As we understand this record, the deductions for contributions disallowed by respondent ($45,478) pertain to claimed cash contributions and donation deeds made to Big Spirit Family Council, Inc. (hereinafter sometimes referred to as "Big Spirit" to be more fully discussed hereinafter). Petitioners' legal residence on the date their petition was filed was R.D. Box 7651, Spirit Lake, Iowa. It appears that they filed a joint 1979 Federal income tax return with the Internal Revenue Service. Sanctions
The petition was timely filed on June 22, 1983 by Denis H. Hare, Esq. Respondent filed his answer on August 8, 1983, on which date the pleadings were closed.More than 30 days thereafter respondent commenced discovery.See Rules 34, 36, 38 and 70(a)(2). We are fully satisfied that respondent attempted to attain *145 the objectives of formal discovery through informal requests, consultation or communication with petitioners and their counsel as required by this Court's rules and the mandates of its opinions. [4] When those attempts proved fruitless respondent, on January 10, 1984, served on petitioners a 12 paragraph request for production of documents. [5] A review of those requests reveals that they seek documents which are highly relevant and material to the issues at dispute in this case. The purpose of the pleadings and discoveryisto give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the pertinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce surprise *146 by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case". Zaentz v. Commissioner,73 T.C. 469, 471 (1979). When petitioners failed to respond to respondent's discovery request, respondent submitted a motion to compel compliance therewith, which the Court filed on April 13, 1984. A copy of that motion was served on petitioners' counsel, Mr. Hare, on April 20, 1984 together with a copy of the Court's Notice of Filing dated April 20, 1984, which gave petitioners until May 10, 1984 in which to file a notice of objection to respondent's motion. Those documents, which were served by certified mail, were returned to the Court on May 7, 1984 with a notation on the envelope "Unclaimed". On May 9, 1984 the Court issued an order, a copy of which was served on Mr. Hare on May 11, 1984, in which it is recited in part-- * ** ORDERED that respondent's above-referenced motion [i.e., *147 the motion to compel compliance] is granted in that petitioners shall, on or before June 8, 1984, produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioners on January 10, 1984. It is further ORDERED that in the event petitioners do not fully comply with the provisions of this order, this Court will be inclined to impose sanctions pursuant to Tax Court Rule of a decision against petitioners. [6]
On June 22, 1984 respondent filed his sanctions motion. A copy thereof together with a copy of a Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on July 25, 1984, were served on Mr. Hare by the Court on June 26, 1984. [7] Thereafter, in an order dated July 24, 1984, a copy of which was served on petitioners and Mr. Hare by the Court on July 25, 1984, we stated-- For cause, it is hereby ORDERED that respondent's Motion to Impose Sanctions filed June 22, 1984, is continued for hearing from the July 25, 1984, Washington, D.C. Motions Session to the Motions Session scheduled for 10:00 *148 a.m. on August 22, 1984, in Tax Court Courtroom, Third Floor, 400 Second Street, N.W., Washington, D.C. This order constitutes official notice of the same to the parties. The parties' attention is directed to the provisions of Rule 50(c), which provide for the submission of a written statement in lieu of (or in addition to) appearance at the hearing. It is further ORDERED thatin addition to regular service on respondent, the Clerk of the Court shall serve a copy of this order, with a copy of the June 26, 1984, Notice of Hearing, including the motion referred to therein, attached thereto, [i.e., respondent's motion to impose sanctions] on (1) petitioners' counsel of record Denis H. Hare at Suite 200, 11024 E. 23rd Street, Independence, Missouri 64052, by both certified and regular mail and (2) petitioner individually at R.D. Box 7651, Spirit Lake, IA 51360, by both certified and regular mail. [8] When the case was called on August 22, 1984 no appearance was made by or on behalf of petitioners nor was a response to respondent's motion *149 filed. Our rules of practice and our orders mean exactly what they say and we intent that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our rules and an order of this Court petitioners have not done so and there is not one valid reason extant in this record to explain their failure to comply. They have, in essence, ignored and defied our order of May 9, 1984, and, by their inexcusable conduct, shown complete and utter disrespect for our rules and an order of this Court. Indeed, petitioners' total failure to act has worked to their detriment. As we view this record, respondent's discovery request sought documents relevant and material to the issues at dispute. Petitioners simply have made no attempt to comply with those requests despite a specific order of this Court directing them to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions *150 of Rule * * * 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. Rule 104(a) and (c) provide various sanctions for failure to respond to discovery requests and for failure to comply with discovery orders. The sanctions for each are the same and are enumerated in Rule 104(c). Where no discovery order is outstanding dismissal is appropriate only upon total failure to respond to discovery requests. However, where a party fails to comply with a Court order dismissal may be appropriate even though there has been a partial response. Dusha v. Commissioner,82 T.C. 592, 602-604 (1984), which was reviewed by the Court.Here, petitioners have, without justification, refused to produce any documents to respondent in spite of our order directing them to do so. Among the sanctions available, dismissal is one of the most severe and should not be ordered indiscriminately. Dusha v. Commissioner, supra at 605. Nevertheless, *151 it must be available under appropriate circumstances not merely to penalize the party for failure to comply with a Court order but also to deter other petitioners from engaging in similar conduct. Dusha v. Commissioner,supra at 605-606; National Hockey League v. Met Hockey Club,427 U.S. 639, 643 (1976). Dismissal is proper for failure to comply with this Court's discovery orders where such failure is due to willfulness, bad faith or other fault of the party. Dusha v. Commissioner,supra at 604; Societe Internationale v. Rogers,357 U.S. 197, 212 (1958). Where the evidence requested is material, failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; Hammond Packing Co. v. Arkansas,212 U.S. 322 (1909). In the circumstances of this case we conclude that petitioners' persistent, stubborn, and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; *152 Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; [9]Hart v. Commissioner,730 F.2d 1206 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Burton v. Commissioner,T.C. Memo. 1984-99; Douglas v. Commissioner,T.C. Memo. 1983-786; Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commission,T.C. Memo. 1981-595, dismissed (5th Cir., June 30, 1982). [10] On this record we must and do grant respondent's Motion to Impose Sanctions. [11] *153 Damages
Finally, we consider whether we should, on respondent's oral motion, award damages to the United States under section 6673 and, if so, in what amount. In National Association of American Churches v. Commissioner,82 T.C. 18 (1984), we held that National Association of American Churches (hereinafter "NAAC") did not qualify for tax exemption under section 501(c)(3). We further held that local affiliated family missions did not qualify for a group ruling request. [12] There, NAAC filed an application with the Internal Revenue Service for recognition of exemption from Federal income taxes on March 11, 1980, seeking exemption under section 501(c)(3) and claiming to be a church within the meaning of section 170(b)(1)(A)(i). The application was filed as a group ruling request under Rev. Proc. 80-27, 1980-1 C.B. 677, seeking a determination of exempt status for NAAC and 72 affiliated family missions, one of which was Big Spirit Family Council, Inc., R.D. Box 7651, Spirit Lake, Iowa which was incorporated *154 on May 29, 1979. A Resolution signed on May 29, 1979 by petitioner Margaret Wedeking as Chairman of the Board for Big Spirit recites in relevant part-- On motion in due form, properly seconded, it was moved to accept affiliation as a constituant member organically connected to National Association of American Churches, a Missouri corporation described under Sec. 501(c)(3) and Sec. 170(b)(1)(A)(i) of the United States Internal Revenue Code . An Authorization signed by petitioner Herman Wedeking as Mission President for Big Spirit states -- National Association of American Churches is hereby authorized to include this corporation in their group ruling as our central organization. [13]
On June 17, 1981 respondent issued an adverse ruling to NAAC. With regard to the affiliated family missions, which *155 include Big Spirit, respondent concluded that a group ruling request would not be appropriate since various requirements of Rev. Proc. 80-27, supra, had not been sstisfied.After a protest had been filed respondent, on September 3, 1981, issued a final adverse ruling upon which a declaratory judgment action was filed with this Court on December 1, 1981. A decision was entered in that case on March 12, 1984.No appeal was taken, and the time for the filing thereof has expired. We think it appropriate to add here what wesaid in National Association of American Churches v. Commissioner,supra at 31-- The only reasonable inference from the financial information available pertaining to the local units [which included Big Spirit] is that a pattern exists for the donation of family assets and the payment of personal, family expenses by petitioner's family missions. Also, an admission is made in the record that the family churches do own land and buildings which are occupied as houses by the family members of the church. Based upon the above facts, it is concluded that the administrative record before us presents a fact situation at the family mission level similar to that found in Basic Bible Church v. Commissioner,supra, *156 and McGahen v. Comissioner,supra.
The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court", amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983." [14]
Section 6673, as amended, and as applicable to this case, *157 provides-- Whenever, it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Thus,when this Court, in its discretion, determines that a proceeding has been instituted or maintained by the taxpayer primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. Rule 34(b) states in relevant part-- * * * (b) Content of Petition in Deficiency or Liability Actions: The petition in a deficiency or liability action shall contain * * * (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *. As indicated hereinbefore the petition filed *158 in this case does not contain a single fact nor have petitioners otherwise asserted any fact which would support their claim that respondent's determinations are erroneous. The word "groundless" is a word of common usage and is defined in Webster's Third New International Dictionary Unabridged as-- "having no ground or foundation: lacking cause or reason for support." Here, where no facts are plead and no facts are otherwise placed in this record, the only inference we can draw therefrom is that the petitioners' position in this case is groundless. For this reason alone section 6673 permits an award of damages. Moreover, although not relied on as a basis for the damages awarded herein, it appears to us that the petition in this case was filed primarily for delay. Big Spirit was one of 72 family missions affiliated with NAAC. NAAC received a final adverse ruling from the Internal Revenue Service on September 3, 1981, almost 2 years prior to the date the petition was filed in this case. At the same time the group ruling request was denied. We sustained respondent's determinations in National Association of American Churches v. Commissioner,supra, and our decision in that case *159 was not appealed. There is no evidence in this record that Big Spirit subsequently requested a determination as to its own status as an exempt organization under section 501(c)(3). These facts in addition to petitioners' failure to plead or otherwise present any facts to support their position that respondent's determinations are in error leave a clear inference that this proceeding was instituted primarily for delay. Accordingly, we conclude that petitioners' position in this proceeding is groundless; that damages in the amount of $5,000 are appropriate; and damages in that amount will be awarded to the United States under section 6673. [15]
An appropriate order and decision will be entered.
Footnotes
1. Petitioners are represented by counsel admitted to practice before this Court. While he has not withdrawn as counsel neither he nor petitioners have failed any paper in this record since the petition was filed. However, the Court's records reflect that petitioners have been personally served with all of the documents, orders and notices pertinent to respondent's motion for sanctions.
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the applicable, periods. This case was assigned pursuant to sec. 7456(c) and (d), and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
4. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1). 5. Petitioners, in fact, received that request as evidenced by a receipt therefor dated January 12, 1984, a copy of which is in this record.↩
6. That order must have been received by Mr. Hare as there is no record that it was returned to the Court.↩
7. Those documents were not returned to the Court. ↩
8. None of the documents enumerated in the second ORDERED paragraph above have been returned to the Court.↩
9. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Eighth Circuit.↩
10. See and compare, Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981); Emigh v. Commissioner,T.C. Memo. 1981-514↩. 11. We note that while petitioners allege error in their petition respecting the adjustments to income determined in respondent's deficiency notice, not one fact in support of those errors appears therein. See Rule 34(b)(5).
12. One of NAAC's counsel in that case was Denis H. Hare, Esq.↩
13. The Resolution and Authorization are contained in Exhibit H(u), which is part of the Administrative Record filed in National Association of American Churches v. Commissioner,82 T.C. 18 (1984), of which record in its entirety we take judicial notice. See Freshman v. Atkins,269 U.S. 121, 124 (1925); Fed. R. Evid. 201↩; Rule 143(a).
14. The Committee Reports to sec. 292(b), Pub. L. 97-248, state, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.] Although amended sec. 6673 was initially effective only for an action or proceeding commenced in this Court after December 31, 1982, the statute now permits damages to be awarded under sec. 6673 as amended where a proceeding was commenced prior to↩ January 1, 1983 and continues to be maintained as of November 15, 1984. Act sec. 160, amending TEFRA Act sec. 292(e)(2).
15. See Granzow, et al v. Commissioner,739 F.2d 265 (7th Cir. 1984), affg. decisions of this Court; Snodgrass v. Commissioner,T.C. Memo. 1984-435, where deductions were claimed for alleged contributions to the Universal Life Church; and Clark v. Commissioner,T.C. Memo. 1984-326↩.