ENRICO MICHAEL ROMANO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Romano v. Commissioner
Docket No. 25983-82.
United States Tax Court
T.C. Memo 1984-568; 1984 Tax Ct. Memo LEXIS 108; 48 T.C.M. (CCH) 1472; T.C.M. (RIA) 84568; October 23, 1984. *108 P claimed medical, interest and employee business expenses on his 1980 Federal income tax return which R disallowed.R, through discovery, sought information to authenticate those claims. P totally failed to answer respondent's interrogatories despite two specific orders of this Court directing him to do so. Held, P's failure constitutes a default under the circumstances of this case. R's Motion for Sanctions, seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Enrico Michael Romano, pro se. Mark S. Priver and Charles E. Williams, for the respondent. CANTREL MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Sanctions under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, which motion was filed on August 30, 1984. [1] Respondent, in his notice of deficiency issued to petitioner on July 30, 1982, determined a deficiency in petitioner's Federal income tax and an addition to the tax under section *109 6651(a) [2] for the taxable calendar year 1980 in the respective amounts of $6,291.00 and $472.00. Respondent, in his deficiency notice determined the following adjustments to petitioner's income: Employee business expense
$10,618.00
Medical expense
319.00
Interest expense
2,417.00
[3] $13,354.00
Petitioner resided at 392 Leeward Court, Oceanside, California on the dates he filed imperfect and amended petitions. He filed an individual 1980 Federal income tax return with the Internal Revenue Service. The imperfect petition was timely mailed on October 26, 1982 and, thus, timely filed. [4] The amended petition was filed on January 3, 1983. Respondent filed his answer on February 1, 1983, on which date the pleadings were closed. See Rules 34, 36, 38 and 70(a)(2). Petitioner, at paragraph 4. of his amended petition, recites: "I have the necessary receipts and records to substantiate my deductions." [5] We are fully satisfied that respondent attempted *110 to attain the objectives of formal discovery through informal requests, consultation or communication with petitioner as required by this Court's rules and the mandates of its opinions.[6] When those attempts proved fruitless respondent, on December 1, 1983, served on petitioner a 31 paragraph interrogatory request. A review of those requests reveals that they seek information which is highly relevant and material to the issues at dispute in this case. The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the pertinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce purprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. *111 "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case". Zaentz v. Commissioner,73 T.C. 469, 471 (1979). When petitioner totally failed to respond to respondent's discovery request, respondent submitted a motion to compel compliance, which the Court filed on March 8, 1984. A copy of that motion, which had attached thereto another copy of respondent's interrogatory request, together with a copy of the Court's Notice of Filing, giving petitioner until April 3, 1984 in which to file a notice of objection to respondent's motion, was served on petitioner by the Court on March 14, 1984. Petitioner did not file a response in accord with the Court's Notice. As a result the Court, on April 12, 1984, served on the parties an Order, which recited in relevant part-- * * * ORDERED that respondent's above-referenced motion [i.e., the motion to compel] is granted in that petitioner shall, on or before May 15, 1984, serve on counsel for respondent answers to each interrogatory served upon petitioner on December 1, 1983. It is further ORDERED *112 that in the event petitioner does not fully comply with the provisions of this order, this Court will be inclined to impose sanctions pursuant to Tax Court Rule 104, which may include dismissal of this case and entry of a decision against petitioner. Petitioner did not comply in any respect with our Order and, consequently, respondent filed a motion for sanctions on May 25, 1984. A copy of that motion together with a Notice of Filing, calendaring respondent's motion for hearing at Washington, D.C. on July 11, 1984, was served on petitioner by the Court on June 6, 1984. When the case was called on July 11, 1984 petitioner did not appear. However, on July 11, 1984 he did file a Statement Under Rule 50(c). In that statement he advises that he did not receive the Court's Order that was served on him on April12, 1984 (respecting respondent's motion to compel) until Friday, May 11, 1984. He further recites in that statement-- * * * I am prepared to meet with him [respondent's trial counsel] and request that opportunity to do so in order to answer, with evidence, to interrogatories and settle the claim against me out of Court. Respondent's counsel first became aware of the Rule 50(c) *113 statement at the July 11, 1984 hearing. After having read it he orally moved that his sanctions motion be withdrawn and that petitioner be given 30 days in which to answer respondent's interrogatories. In our Order dated July 11, 1984, a copy of which was served on petitioner on July 20, 1984, we granted respondent's oral motion and said-- * * * It is further ORDERED that * * * petitioner shall serve upon respondent's counsel, on or before August 10, 1984, written responses to respondent's first set of interrogatories, served upon petitioner on December 1, 1983. Petitioner did nothing and respondent filed the motion we now consider. A copy of that motion together with a Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on October 3, 1984, was served on petitioner by the Court on September 6, 1984. When the case was called on October 3, 1984 petitioner did not appear, no response to respondent's motion was filed nor had the interrogatories been answered. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); *114 Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our rules and two orders of this Court, petitioner has not done so and there is not one valid reason extant in this record to explain his failure to comply.He has, in essence, ignored and defied our orders of April 11, 1984 and July 11, 1984, and, by his inexcusable conduct, shown complete and utter disrespect for our rules and orders.Indeed, petitioner's total failure to act has worked to his detriment. As we view this record, respondent's discovery request sought information relevant and material to the issues at dispute. Petitioner simply made no attempt to comply with those requests despite specific orders of this Court directing him to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule 71 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *115 or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. Rule 104(a) and (c) provides various sanctions for failure to respond to discovery requests and for failure to comply with discovery orders. The sanctions for each are the same and are enumerated in Rule 104(c). Where no discovery order is outstanding dismissal is appropriate only upon total failure to respond to discovery requests. However, where a party fails to comply with a Court order dismissal may be appropriate even though there has been a partial response. Dusha v. Commissioner,82 T.C. 592, 602-604 (1984), which was reviewed by the Court. Here, petitioner has, without justification, refused to answer respondent's interrogatories in spite of our orders directing him to do so. Among the sanctions available, dismissal is one of the most severe and should not be ordered indiscriminately. Dusha v. Commissioner,supra at 605. Nevertheless, it must be available under appropriate circumstances not merely to penalize the party for failure to comply with a Court order but also to deter other petitioners from engaging in similar conduct. Dusha v. Commissioner,supra at 605-606; *116 National Hockey League v. Met.Hockey Club,427 U.S. 639, 643 (1976). Dismissal is proper for failure to comply with this Court's discovery orders where such failure is due to willfulness, bad faith or other fault of the party. Dusha v. Commissioner,supra at 604; Societe Internationale v. Rogers,357 U.S. 197, 212 (1958). Where the evidence requested is material, failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; Hammond Packing Co. v. Arkansas,212 U.S. 322 (1909). [7]
In the circumstances of this case we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitut a default and that dismissal of this case is, albeit the severest of sanctions, appropriate under Rule 104(c)(3). See Chalmeta v. Commissioner,T.C. Memo. 1982-568, affd. in an unpublished order (4th Cir., *117 May 11, 1983); Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978), affg. a decision of this Court; Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Hart v. Commissioner,730 F.2d 1206 (8th Cir. 1984), affg. per curiam an order and dismissal of this Court; Rechtzigel v. Commissioner,703 F.2d 1063 (8th Cir. 1983), affg. 79 T.C. 132 (1982); and McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981), where this Court said at 1029: * * * We were thoroughly satisfied that petitioners' stubbornly asserted position constituted a default. * * * In the circumstances of the record before us, petitioners' conduct calls for the imposition of the most severe sanctions available under our Tax Court Rules of Practice and Procedure, namely, the dismissal of the case for failure properly to prosecute by failing to comply with our Rules and a specific order of the Court: judgment will accordingly be rendered against petitioners. * * * [8] *118 The foregoing language is equally applicable here. We note that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit. [9] On this record we must and do grant respondent's motion for sanctions. Finally, we consider whether we should, on our own motion, award damages to the United States under section 6673 and, if so, in what amount. Section 6673, as in effect for proceedings instituted in this Court prior to January 1, 1983, and as applicable to this case, provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court *119 in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. [10] We cannot conclude on this record that this proceeding was instituted merely for delay. Hence, no damage award will be made. We issue a warning to petitioner, *120 however, in the event he should institute or maintain another proceeding in this Court, that we will not hesitate to impose allowable damages for such course of conduct as he has followed in his present case. An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. This case was assigned pursuant to section 7456(d)(3), Internal Revenue Code of 1954↩, as amended.
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. In addition to the above-stated adjustments respondent disallowed a claimed investment credit of $820.00.↩
4. See sec. 7502.↩
5. This is the sum and substance of petitioner's case.↩
6. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1).
7. We observe once again that petitioner, in his amended petition filed on January 3, 1983,↩ over 21 months ago, notified respondent and this Court--"I have the necessary receipts and records to substantiate my deductions." Yet, to date, he has not bothered to answer one of respondent's interrogatories.
8. See also, Wedeking v. Commissioner,T.C. Memo. 1984-530; Burton v. Commissioner,T.C. Memo. 1984-99., Douglas v. Commissioner,T.C. Memo. 1983-786; Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, appeal dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595↩, appeal dismissed (11th Cir., June 30, 1982).
9. See and compare, Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981), and Emigh v. Commissioner,T.C. Memo. 1981-514↩.
10. Congress has amended the statute, so that for proceedings commenced after December 31, 1982, this Court is permitted to impose damages up to $5,000 where those proceedings have been instituted or maintained by the taxpayer primarily for delay or where taxpayer's position in such proceeding is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574. Although amended sec. 6673 was initially effective only for an action or proceeding commenced in this Court after December 31, 1982, the statute now permits damages to be awarded under sec. 6673 as amended where a proceeding was commenced priorto↩ January 1, 1983 and continues to be maintained as of November 15, 1984.Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 496, sec. 160, amending TEFRA Act sec. 292(e)(2).