JOSEPH MARTIN DELANEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Delaney v. Commissioner
Docket No. 9039-83.
United States Tax Court
T.C. Memo 1985-73; 1985 Tax Ct. Memo LEXIS 559; 49 T.C.M. (CCH) 777; T.C.M. (RIA) 85073; February 20, 1985. *559 P has totally failed to produce documents and answer interrogatories despite a specific order and an oral direction of this Court directing him to do so. Held, P's failure constitutes a default under the circumstances of this case.R's Motion to Impose Sanctions, seeking, interalia, a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Joseph Martin Delaney, pro se. Douglas W. Hinds and Francis J. Elward, for the respondent. DAWSON MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion to Impose Sanctions under Rules 104 and 123. [1] After a review of the record, we agree with *560 and adopt his opinion which is set forth below. [2] OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions filed on April 6, 1984. The parties were given a full opportunity to present their positions at the Washington, D.C. Motions Session on May 9, 1984. Petitioner did not appear nor did he file a response to respondent's motion. [3] Counsel for respondent appeared and presented argument, at the conclusion of which the Court took respondent's motion under advisement. Respondent, in his notice of deficiency issued to petitioner on March 23, 1983, determined deficiencies in petitioner's Federal income tax and additions to the tax for the taxable calendar years 1978 through 1980 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(a) [4]
1978
$8,817.67
$440.88
1979
7,730.60
386.53
1980
12,770.16
638.51
*561 The adjustments to income as determined by respondent in his deficiency notice are as follows: 1978
1979
1980
Small Business Corporation
Loss
$30,868.49 Schedule C Loss
34,698.53 9,500.00
Capital Gains
18,980.50 (8,760.00)
20,340.00
Vacation Pay Income
311.90 Dividend Income
(1,400.00)
(100.00)
Itemized Deductions
435.31 4,997.12 7,264.16
Interest Income
119.00
$48,884.30 $31,147.55 $37,223.16
The only address that the Court has for petitioner is that listed on his petition as "Away from home address, P.O. Box 15, Leasburg, Missouri 65535." [5] Petitioner filed 1978, 1979 and 1980 Federal income tax returns with the Internal Revenue Service. The petition was timely filed on April 22, 1983 and respondent filed his answer thereto on June 20, 1983, on which date the pleadings were closed.More than 30 days thereafter respondent commenced discovery.See Rules 34, 36, 38 and 70(a)(2). By Notice dated December 5, 1983 this *562 case was calendared for trial at the Court's trial session beginning at St. Louis, Missouri on February 21, 1984. We are fully satisfied that respondent attempted to attain the objectives of formal discovery through informal requests, consultation or communication with petitioner as required by this Court's rules and the mandates of its opinions. [6] When those attempts proved fruitless, respondent, on November 17, 1983, served on petitioner an 18 paragraph interrogatory request and a 12 paragraph document request. A review of those requests reveals that they seek information and documents which are highly relevant and material to the issues at dispute in this case. The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the pertinent and relevant facts necessary to the disposition *563 of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case." Zaentz v. Commissioner,73 T.C. 469, 471 (1979). When petitioner totally failed to respond to respondent's discovery requests, respondent submitted motions to compel compliance therewith, which the Court filed on January 6, 1984. [7] By Notice dated January 9, 1984, served on petitioner the same day, the Court gave petitioner until January 17, 1984 in which to file an objection to respondent's motions. When no objection was filed the Court, on January 27, 1984, served on the parties an order dated January 26, 1984 which recites in pertinent part-- * * * ORDERED that respondent's two above-referenced motions [i.e., motions to compel] are granted in that petitioner *564 shall, on or before February 9, 1984, (1) serve on counsel for respondent answers to each interrogatory served upon petitioner on November 17, 1983 and (2) produce to counsel for respondent those documents requested in respondent's request for production of documents also served on petitioner on November 17, 1983. It is further ORDERED that in the event petitioner does not fully comply with the provisions of this Order, this Court will, upon motion, dismiss the petition and enter a decision against petitioner in the amount of the deficiencies and additions to tax as set forth in the notice of deficiency dated March 23, 1983. Petitioner did nothing and respondent, on February 13, 1984, filed a motion to impose sanctions, which was calendared for hearing at St. Louis on February 21, 1984. When the case was called on February 21 the parties appeared. Petitioner advised that while he had some of the information and documents respondent seeks others were in the State of Florida. For the reasons advanced at the hearing the trial of this case was continued and respondent's sanctions motion *565 was denied without prejudice to the right to renew. However, the Court made it quite clear to petitioner that it was not impressed with his disobedience respecting the January 26, 1984 order, that he should cooperate with respondent's trial counsel and if the latter did not get the information he seeks the Court would look with favor on the imposition of sanctions. The foregoing admonitions notwithstanding, petitioner did nothing thus precipitating the filing of the sanctions motion we now consider. [8] A copy of respondent's motion together with a copy of the Court's Notice of Filing, calendaring respondent's motion for hearing at Washington, D.C. on May 9, 1984, were served on petitioner by the Court on April 9, 1984. When the case was called on May 9, 1984, petitioner did not appear, no response to respondent's motion was filed, nor had the discovery requests been responded to. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); *566 Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our rules and an order and further direction of this Court petitioner has not done so and there is no remaining valid reason in this record to justify his total failure to comply. He has, in essence, ignored and defied our order of January 26, 1984 and the Court's oral direction of February 21, 1984, and, by his inexcusable conduct, shown complete and utter disrespect for our rules, and an order and direction of this Court. Indeed, petitioner's total failure to act has worked to his detriment. As we view this record, respondent's discovery requests sought information and documents relevant and material to the issues at dispute. Petitioner simply made no attempt to comply with those requests despite a specific order and direction of this Court directing him to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions *567 of Rule 71, 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. Rule 104(a) and (c) provide various sanctions for failure to respond to discovery requests and for failure to comply with discovery orders. The sanctions for each are the same and are enumerated in Rule 104(c). Where no discovery order is outstanding dismissal is appropriate only upon total failure to respond to discovery requests. However, where a party fails to comply with a Court order dismissal may be appropriate even though there has been a partial response. Dusha v. Commissioner,82 T.C. 592, 602-604 (1984), which was reviewed by the Court. Here, petitioner has, without justification, totally refused to respond to respondent's discovery requests in spite of a specific order and direction of this Court directing him to do so. Among the sanctions available, dismissal is one of the most severe and should *568 not be ordered indiscriminately. Dusha v. Commissioner,supra at 605. Nevertheless, it must be available under appropriate circumstances not merely to penalize the party for failure to comply with a Court order but also to deter other petitioners for engaging in similar conduct. Dusha v. Commissioner,supra at 605-606; National Hockey League v. Met. Hockey Club,427 U.S. 639, 643 (1976). Dismissal is proper for failure to comply with this Court's discovery orders where such failure is due to willfulness, bad faith or other fault of the party. Dusha v. Commissioner,supra at 604; Societe Internationale v. Rogers,357 U.S. 197, 212 (1958). Where the evidence requested is material, failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; Hammond Packing Co. v. Arkansas,212 U.S. 322 (1909). In the circumstances of this case we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of *569 this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Hart v. Commissioner,730 F.2d 1206 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Burton v. Commissioner,T.C. Memo. 1984-99; Douglas v. Commissioner,T.C. Memo. 1983-786; Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, appeal dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; *570 Gaar v. Commissioner,T.C. Memo. 1981-595, appeal dismissed (11th Cir., June 30, 1982). Respondent's Motion to Impose Sanctions will be granted, this case will be dismissed and a judgment for default will be entered. Finally, we consider whether we should, on our own motion, make a damage award in this case. The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court" amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983," [9] and to cases begun prior to that date and pending as of November 15, 1984. Section 6673, as amended, and as *571 applicable to this case, provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Thus, when this Court, in its discretion, determines that a proceeding has been instituted or maintained by the taxpayer primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. We have decided not to impose damages under section 6673 in this case. However, we issue this warning to petitioner. In the event he should institute another case in this Court and maintain it as he has the present case, the Court will seriously consider a damage award which could run as *572 high as $5,000.00. [10]
An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
3. See Rule 50(c).↩
4. All section references are to the Internal Revenue Code of 1954, as amended.↩
5. All documents have been served on petitioner at this address and none have been returned to the Court.↩
6. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1).
7. Respondent served copies of his motions on petitioner on January 5, 1984.↩
8. It appears that the Florida records petitioner sought have been available to him upon request since March 15, 1984.↩
9. The Committee Reports to sec. 292(b), Pub. L. 97-248, state, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.]↩
10. This is intended to warn all persons who would institute similar proceedings and maintain them in a manner such as we see here. See Baranski v. Commissioner,T.C. Memo. 1984-639; and Figura v. Commissioner,T.C. Memo. 1984-567. See and compare Wedeking v. Commissioner,T.C. Memo. 1984-530↩.