SAMUEL AND CAROL HOLLANDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hollander v. Commissioner
Docket No. 14364-82.
United States Tax Court
T.C. Memo 1985-184; 1985 Tax Ct. Memo LEXIS 445; 49 T.C.M. (CCH) 1242; T.C.M. (RIA) 85184; April 16, 1985. *445 Ps have totally failed to produce documents and answer interrogatories despite a specific order of this Court directing them to do so. Held, Ps' failure constitutes a default under the circumstances of this case. R's Motion to Impose Sanctions, seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Held further, R's Motion to Impose Damages is granted and damages in the amount of $1,000 are awarded to the United States since Ps are maintaining this proceeding, which was instituted on June 22, 1982, primarily for delay. Sec. 6673, I.R.C. 1954, as amended. Lewis B. Freeman, for the petitioners. [1]
*446 Wesley J. Lynes and Phyllis W. Greenblum, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions [under Rule 104] and to Impose Damages Pursuant to Section 6673 of the Internal Revenue Code filed on December 13, 1984. [2]
Respondent, in his notice of deficiency issued to petitioners on March 25, 1982, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1978 in the amount of $1,189.00. The sole adjustment to income as determined by respondent in his deficiency notice is for a claimed partnership loss pertaining to Avanti Associates, Ltd. In the amount $3,626.00. [3]
Petitioners resided at 1121 Crandon Boulevard, Key Biscayne, Florida on the date their petition was filed. They filed a joint 1978 Federal income tax return with the Internal Revenue Service. The petition, *447 which was timely filed by petitioners' counsel on June 22, 1982, recites as follows at paragraph 4--"Set forth those adjustments, i.e. changes, in the Notice of Deficiency with which you disagree and why you disagree. Total disallowance of partnership loss, Avanti Associates, Ltd." [4]
Respondent filed his answer to the petition on August 25, 1982, on which date the pleadings were closed. More than 30 days thereafter respondent commenced discovery. See Rules 34, 36, 38 and 70(a)(2). By notice dated January 10, 1984 this case was calendared for trial at the Court's trial session commencing at Miami, Florida on March 19, 1984. On March 1, 1984, respondent filed a motion for continuance which was set for hearing at calendar call. The basis of respondent's motion, which was granted at Miami on March 19, 1984, is that respondent had no opportunity to invoke the Court's discovery procedures until the period therefor had elapsed for the reason that it was respondent's belief that a basis for settlement had been reached until advised on January 24, 1984 that petitioners' counsel had informed respondent's Appeals Office *448 that petitioners preferred to litigate. [5]
SANCTIONS
We are fully satisfied that respondent attempted to attain the objectives of formal discovery through informal requests, consultation or communication with petitioners' counsel as required by this Court's rules and the mandates of its opinions. [6] When those attempts proved fruitless respondent, on June 19, 1984, served on petitioners' counsel a 68 paragraph interrogatory request and a 9 paragraph document request. A review of those requests reveals that they seek information and documents which are highly relevant and material to the issue at dispute in this case. *449 The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the pertinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case." Zaentz v. Commissioner,73 T.C. 469, 471 (1979). When petitioners totally failed to respond to respondent's discovery requests, respondent submitted motions to compel compliance therewith, which the Court filed on August 16, 1984. Copies of those motions together with a copy of the Court's Notice of Filing, *450 giving petitioners until September 11, 1984 in which to file an objection to respondent's motion, were served on petitioners' counsel by the Court on August 22, 1984. When petitioners filed no objection the Court, on September 20, 1984, served on the parties an order dated September 19, 1984, which recites in pertinent part-- * * * ORDERED that respondent's two above referenced motions [i.e., motions to compel] are granted in that petitioners shall, on or before October 19, 1984 (1) serve on counsel for respondent answers to each interrogatory served upon petitioners on June 19, 1984, and (2) produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioners on June 19, 1984. It is further ORDERED that in the event petitioners do not fully comply with the provisions of this order, this Court will be inclined to impose sanctions, pursuant to Tax Court Rule 104, which may include dismissal of this case and entry of a decision against petitioners. Petitioners did nothing, and respondent filed the motion we now consider. A copy of that motion together with a copy of a Notice of Hearing, calendaring respondent's *451 motion for hearing at Washington, D.C. on January 16, 1985, were served on petitioners' counsel by the Court on December 14, 1984. When the case was called on January 16, 1985 neither petitioners nor their counsel appeared, no response to respondent's motion was filed nor had the discovery requests been responded to. Our rules of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our rules and a specific order of this Court petitioners have not done so and there is not one valid reason extant in this record to explain their total failure to comply. They have, in essence, ignored and defied our order of September 19, 1984, and, by their inexcusable conduct, shown complete and utter disrespect for our rules and an order of this Court. Indeed, petitioners' total failure to act has worked to their detriment. As we view this record, respondent's discovery requests *452 sought information and documents relevant and material to the issue at dispute. Petitioners simply made no attempt to comply with those requests despite a specific order of this Court directing them to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: * * * (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule 71, 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. Rule 104(a) and (c) provide various sanctions for failure to respond to discovery requests and for failure to comply with discovery orders. The sanctions for each are the same and are enumerated in Rule 104(c). Where no discovery order is outstanding dismissal is appropriate only upon total failure to respond to discovery requests. However, *453 where a party fails to comply with a Court order dismissal may be appropriate even though there has been a partial response. Dusha v. Commissioner,82 T.C. 592, 602-604 (1984), which was reviewed by the Court. Here, petitioners have, without justification, totally refused to respond to respondent's discovery requests in spite of a specific order of this Court directing them to do so. Among the sanctions available, dismissal is one of the most severe and should not be ordered indiscriminately. Dusha v. Commissioner,supra at 605. Nevertheless, it must be available under appropriate circumstances not merely to penalize the party for failure to comply with a Court order but also to deter other petitioners from engaging in similar conduct. Dusha v.Commissioner,supra at 605-606; National Hockey League v. Met. Hockey Club,427 U.S. 639, 643 (1976). Dismissal is proper for failure to comply with this Court's discovery orders where such failure is due to willfulness, bad faith, or other fault of the party. *454 Dusha v. Commissioner,supra at 605; Societe Internationale v. Rogers,357 U.S. 197, 212 (1958). Where the evidence requested is material, failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; Hammond Packing Co. v. Arkansas,212 U.S. 322 (1909). In the circumstances of this case we conclude that petitioners' persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Hart v. Commissioner,730 F.2d 1206 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. *455 per curiam 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978). [7]
On this record, respondent's motion, insofar as it seeks sanctions, will be granted, *456 this case will be dismissed and a judgment for default will be entered. DAMAGES
The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court" amended section 6673. [8]
As amended, and applicable to this case, section 6673 provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the *457 United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. Although amended section 6673 was initially effective only for an action or proceeding commenced in this Court after December 31, 1982, the statute now permits damages to be awarded under sec. 6673as amended where a proceeding was commenced prior to January 1, 1983 and continues to be maintained, as of November 15, 1984. Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, sec. 160, amending TEFRA Act sec. 292(e)(2). Thus, Congress, clearly expressed its intention, to discourage the continuance of dilatory proceedings instituted in this Court prior to January 1, 1983. Hence, when this Court, in its discretion, determines that a proceeding such as this one is being maintained primarily for delay, damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. We now turn to the record. The petition was filed on June 22, 1982. As recited hereinbefore neither petitioners nor their counsel *458 have done one thing since that date respecting this case. On July 27, 1984 petitioner Samuel Hollander in a letter to his present counsel stated, in pertinent part, as follows: * * * On a pure personal basis, I wonder if you could do the following which between us is just a play on time.
a. Could you call the Service and advise them that you tried to contact me but I am out of town and will be until approximately the end of August. Perhaps you can confirm that you feel it would be beneficial to resolve this in the manner which they suggested in the letter and on the terms and conditions accordingly. [Emphasis added.] In view of the nature of the master recording tax shelter issue involved, for which no position has ever been articulated by petitioners in this record, Mr. Hollander's letter of July 27, 1984 to his counsel, petitioners' total inaction in this case since its institution and the fact that over 4 months have expired since November 15, 1984, it is hard to visualize a situation that is more proscribed by Congress' mandate. On this record, we find as a fact that this proceeding is being maintained primarily for delay. We conclude that damages in the amount *459 of $1,000 are appropriate; and, therefore, in our discretion, damages in that amount will be awarded to the United States under section 6673. [9]
An appropriate order and decision will be entered.
Footnotes
1. Petitioners are represented by counsel admitted to practice before this Court. While he has not withdrawn as counsel neither he nor petitioners have filed any papers in this record since the petition was filed.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure and all section references are to the Internal Revenue Code of 1954, as amended.↩
3. Avanti Associates, Ltd. is a master recording tax shelter.↩
4. This is the sum and substance of petitioners' case.↩
5. We purposely included this paragraph in our opinion. We think it important to observe that petitioners have the burden of proof respecting the sole issue in this case. Nonetheless, the record discloses that at this point in their case absolutely nothing had been done by either petitioner or their counsel to ready this case for trial.↩
6. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974); Rule 70(a)(1)↩.
7. See also, Delaney v. Commissioner,T.C. Memo. 1985-73; Baranski v. Commissioner,T.C. Memo. 1984-639; Kuhn v. Commissioner,T.C. Memo. 1984-638; Romano v. Commissioner,T.C. Memo. 1984-568; Burton v. Commissioner,T.C. Memo. 1984-99; Douglas v. Commissioner,T.C. Memo. 1983-786, affd. without published opinion 754 F.2d 373 (6th Cir. 1984); Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, appeal dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595↩, appeal dismissed (5th Cir., June 30, 1982).
8. The Committee Reports to sec. 292(b), Pub. L. 97-248, state, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11, (1981).]↩
9. See Bonneau v. Commissioner,T.C. Memo. 1984-615, where a $2,000 damage award was made. See and compare Williamson v. Commissioner,T.C. Memo. 1985-84 and Wedeking v. Commissioner,T.C. Memo. 1984-530↩.