**Douglas M. HART, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 83–2359.

United States Court of Appeals, Eighth Circuit.

Submitted March 26, 1984.

Decided April 2, 1984.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, Joan I. Oppenheimer, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Douglas M. Hart, pro se.

Before BRIGHT, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Douglas M. Hart appeals pro se from the Tax Court's [1] order dismissing his petition for redetermination of a deficiency for failure to comply with a discovery order. For reversal Hart argues that the Tax Court abused its discretion when it failed to reschedule the hearing on the Commissioner's motion to dismiss and failed to hold the hearing in his hometown of Fargo, North Dakota instead of St. Paul, Minnesota. The Commissioner argues that this appeal is frivolous and asks this court to impose double costs and attorneys' fees. We affirm the dismissal, but deny costs and attorneys' fees.

In December of 1981 the appellant, Douglas M. Hart, received a notice of deficiency stating that he owed an additional $35,144 in back taxes and penalties for 1979 and 1980. Hart filed a timely petition for redetermination in the Tax Court, and also requested that his trial be held in Fargo, North Dakota. The Tax Court scheduled the trial for St. Paul, Minnesota.[2]

On April 26, 1982 the Commissioner served Hart with a letter tentatively scheduling a conference on May 20 in St. Paul to discuss Hart's objections to the deficiency. The Commissioner requested that Hart bring certain records to the conference. In the event that Hart could not attend the May 20 meeting, the Commissioner requested that Hart suggest another date. Hart notified the Commissioner that he would not attend the meeting and would not suggest another date.[3]

On August 13, 1982 the Commissioner, pursuant to Tax Court Rule 72, served Hart with a request for the production of the same documents he was asked to bring to the conference. Hart then filed a motion for a protective order arguing that the Commissioner had no jurisdiction over him. Although the motion was denied, Hart did not produce the requested documents.

On February 1, 1983 the Commissioner filed a motion for an order compelling Hart to produce the requested documents. Hart filed an objection relying on his fifth amendment right against self-incrimination. In an order dated March 28, 1983 the Tax Court rejected Hart's fifth amendment argument and ordered him to produce the documents by April 18, 1983. Hart admits in his brief that he "did not in any way respond to the Court's order."

On May 6, 1983 the Commissioner filed a motion to dismiss and for entry of a default judgment. Hart filed no response to this motion. On May 11, 1983 the Tax Court notified Hart that the Commissioner's motion was calendared for hearing on June 20, 1983 in St. Paul. Hart did not appear on June 20, and the hearing was rescheduled for June 27. On the morning of June 27 Hart telephoned the Clerk's Office for the Eighth Circuit Court of Appeals in St. Paul to inform them that he could not appear for the Tax Court hearing.[4] The substance of

---

1. The Honorable Jules G. Korner, III, United States Tax Court Judge.

2. The Tax Court does not hold trial sessions in Fargo, and St. Paul is the closest city to Fargo in which sessions are held. *See Tax Court Rules,* Appendix IV.

3. Rule 70(a)(1) of the Tax Court Rules of Practice and Procedure states: "the Court expects the parties to attempt to attain the objectives of discovery through informal consultations or communication before utilizing the discovery procedures provided in these Rules."

4. In his brief Hart contends that he could not appear because on June 27 he was facing a criminal contempt charge in North Dakota. Although the records of Hart's contempt proceeding are not part of the record in this Tax Court appeal, federal courts may *sua sponte* take judicial notice of proceedings in other courts if they

this telephone call was relayed to the Tax Court.

At the June 27 hearing the Tax Court found Hart in default for failing to comply with the March 28, 1983 order to produce documents and for failing to attend the hearings. It noted that Hart had not contacted the Tax Court directly to request a continuance. The court then dismissed Hart's petition pursuant to Tax Court Rules 104 and 123 and entered an order upholding the deficiency determined by the Commissioner. This appeal followed.

■ Pursuant to Rule 104(c) the Tax Court can impose a variety of sanctions when a party fails to obey a discovery order, including dismissal of a case. Rule 123(b) further provides that the Tax Court may dismiss a case at any time and enter a decision against the petitioner for failure to comply with an order. The Tax Court's dismissal of a petition for failure to comply with a discovery order must be sustained on appeal unless the dismissal constitutes an abuse of discretion. *See Steinbrecher v. Commissioner,* 712 F.2d 195 (5th Cir. 1983); *Prairie v. Commissioner,* 469 F.2d 1085 (8th Cir.1972).

■ After considering the course of conduct which preceded the dismissal, we cannot say that the Tax Court abused its discretion in dismissing Hart's petition. In his petition for redetermination Hart argued that he made no income from certain foreign currency transactions he entered in 1977. Pursuant to Tax Court Rule 70(a)(1), the Service sought to meet with Hart to discuss these transactions. Although Rule 70(a)(1) states that parties are expected to attempt to attain the objectives of discovery by informal consultations, Hart refused to meet with IRS agents. The Service then formally requested Hart to produce documents relating to the foreign currency transactions, and Hart again refused. His motion for a protective order was denied. Finally, the Tax Court ordered him to produce the relevant documents, after rejecting his fifth amendment right against self-incrimination argument. Hart admits in his brief that he "did not in any way respond to the Court's order."

By refusing to comply with the discovery order to produce documents relating to his foreign currency transactions in 1977, Hart made it impossible for the Tax Court to determine the merits of his claim that he made no income from these transactions.

Hart's actions fall into a pattern of defying the rules and orders of the Tax Court, and he twice did not appear for the hearing and made no effort to contact the Tax Court. The Tax Court did not abuse its discretion in finding that Hart was in default within the meaning of Rule 123 and in dismissing the case.[5]

relate directly to matters at issue. *Green v. Warden, United States Penitentiary,* 699 F.2d 364, 369 (7th Cir.), *cert. denied,* — U.S. —, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983); *St. Louis Baptist Temple v. Federal Deposit Insurance Corp.,* 605 F.2d 1169, 1172 (10th Cir.1979); *see also ITT Rayonier, Inc. v. United States,* 651 F.2d 343, 345 n. 2 (5th Cir.1981); *Granader v. Public Bank,* 417 F.2d 75, 82 (6th Cir.1969), *cert. denied,* 397 U.S. 1065, 90 S.Ct. 1503, 25 L.Ed.2d 686 (1970).

The records in Hart's criminal contempt charge before the United States District Court for North Dakota reveal that he was arrested and released on bond June 6, 1983. As a condition of release he agreed not to leave North Dakota pending hearing on the contempt charge. The hearing was held on July 7, 1983, and Hart was found guilty of contempt and sentenced to ninety days' confinement.

There is nothing in the record as to whether or not Hart made any effort to contact the district court to inform it of the hearings in St. Paul.

There is nothing in the record to indicate that the Tax Court had any knowledge of Hart's difficulties in North Dakota or the conditions imposed upon him pending hearing on the contempt charge.

Under these circumstances, where Hart has made no showing that he notified either court of his predicament, we cannot conclude that he has demonstrated an inability to attend the Tax Court hearing, but only a lack of effort to resolve his conflicting obligations.

5. Hart relies on *Societe International v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). *Rogers* involved failure to produce records located in Switzerland, the production of which would have violated Swiss penal laws and an order prohibiting their production had been made by the Swiss federal attorney. He also relies on *Edgar v. Slaughter,* 548 F.2d 770

We have affirmed a Tax Court dismissal of a deficiency action when the taxpayer failed to enter a stipulation as required by the Tax Court Rules, *Miller v. Commissioner*, 654 F.2d 519 (8th Cir.1981). We have also approved dismissal of a deficiency action when the taxpayer, as here, refused to comply with a discovery order on the ground that the order violated his right against self-incrimination. *Rechtzigel v. Commissioner*, 703 F.2d 1063 (8th Cir. 1983).

 Hart also argues that the Tax Court abused its discretion by not *sua sponte* relocating his hearing to Fargo, North Dakota and by not *sua sponte* rescheduling his hearing for a later date. The Tax Court does not hold trial sessions in Fargo. *See Tax Court Rules*, Appendix IV. When he failed to appear at the June 20 hearing, the Tax Court *sua sponte* rescheduled the hearing for June 27. On the morning of June 27 Hart contacted the Clerk's Office of this court asking that it inform the Tax Court that he could not appear at the hearing. While Hart argues that the Tax Court acted ex parte and that he had no opportunity to be heard in regard to his noncompliance with its orders, it is evident that he was notified of the hearings and made no effort to contact the Tax Court and request a continuance or an opportunity to explain his position. Under these circumstances we cannot say that the Tax Court abused its discretion by not rescheduling or relocating the hearing.

 The Commissioner requests the award of double costs, arguing that this has been done once before for a frivolous appeal brought by Hart. *United States v. Hart*, 701 F.2d 749 (8th Cir.1983). While Hart has made no argument to establish the merits of his claims, we do not view the appeal from this dismissal as sufficiently frivolous to justify the award of costs and fees under Rule 28, Fed.R.App.P.

Accordingly, we affirm the Tax Court's dismissal of Hart's petition for failure to

(8th Cir.1977), where there was dismissal of a complaint without a hearing and where Edgar's attorney was in the process of complying with

comply with the order to produce documents and its entry of default judgment.

the discovery order when the complaint was dismissed. *Rogers* and *Edgar* provide no support for Hart's argument.