RICHARD F. PICHE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Piche v. Commissioner
Docket No. 18749-84.
United States Tax Court
T.C. Memo 1986-29; 1986 Tax Ct. Memo LEXIS 577; 51 T.C.M. (CCH) 326; T.C.M. (RIA) 86029; January 23, 1986. Richard F. Piche, pro se. Sandra M. Gilmore, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(d) [1] and Rule 180, et seq. [2] After review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special *578 Trial Judge: This matter is before the Court pursuant to the Mandate of the United States Court of Appeals for the Second Circuit, filed April 26, 1985, remanding this case for "the limited purpose of resolving taxpayer's claim for deductions." Prior Proceedings
On September 21, 1984, we granted respondent's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Motion Requesting Damages Under Section 6673. In our Order of Dismissal and Decision we found as follows: ORDERED AND DECIDED (1) that there are deficiencies in petitioner's Federal income taxes and additions to the tax for the taxable years in the amounts as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1981
$15,089.00
$3,772.25
$754.45
$1,201.78
1982
$15,380.11
$2,721.20
$769.00
$ 950.30
(2) that damages are due from the petitioner which are hereby awarded to the United States in the amount of $5,000 pursuant to section 6673, I.R.C. of 1954, as amended. The "limited remand" by the United States Court of Appeals was based upon a Motion for Limited Remand filed by the Assistant *579 Attorney General on behalf of the Commissioner of Internal Revenue. This motion was in response to the appeal taken by petitioner. In his motion for limited remand, the Commissioner directed the attention of the Court of Appeals to petitioner's request for a pretrial conference in order to stipulate to itemized deductions to which he claimed to be entitled. The Commissioner stated as follows: We suggest that * * * [the Court of Appeals] may find it appropriate to remand this case to the Tax Court for the limited purpose of enabling that court to consider and address taxpayer's claim as to deductions to which he may be entitled for the tax years in question. * * * [3]
The Court of Appeals ordered that the motion filed by respondent be granted and that the matter be remanded to the Tax Court for the limited purpose of resolving petitioner's claim for deductions. Action on Remand
Pursuant to the limited remand, the Court issued an order on May 31, 1985, requiring the parties to confer for the purpose *580 of reaching agreement with respect to the itemized deductions claimed by petitioner. Further, we ordered that the parties file on or before July 17, 1985, a document reflecting the settlement of this matter. We further ordered that, if the parties were unable to reach an agreement with respect to petitioner's claim for itemized deductions, a hearing would be held on July 24, 1985, in Washington, D.C. for disposition of this matter.On July 23, 1985, the Court received a status report from respondent. Respondent advised that, taking into consideration the allowance to petitioner of certain itemized deductions, the parties and arrived at an agreement with respect to the deficiency and additions to tax. Respondent further advised that petitioner refused to sign documents reflecting this agreement, essentially because he disputed the damage award under section 6673. [4] Attached to respondent's status report filed with the Court on July 24, 1985, was respondent's computation for entry of decision in this matter. [5]
*581 Deficiencies and Additions to Tax
Pursuant to the Mandate of the United States Court of Appeals, we provided petitioner an opportunity to present evidence with respect to his entitlement to itemized deductions. No documents have been filed by the parties reflecting an agreement as to the proper deficiency and additions to tax. Furthermore, petitioner did not appear or present any evidence at the hearing held on this matter on July 24, 1985. Nevertheless, based upon representations made by the parties it appears that respondent concedes that petitioner is entitled to certain claimed deductions for the taxable years in issue. [6]
Accordingly, we find the following deficiencies and additions to tax as set forth in respondent's *582 computation for entry of decision: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1981
$11,996.00
$2,999.00
$599.80
$919.09
1982
$12,931.00
$2,108.93
$646.55
$659.31
Damage Award under Section 6673
In our order of September 21, 1984, we awarded damages pursuant to section 6673 in the amount of $5,000. In his memorandum of authorities respondent first argues that, in view of the limited remand, this Court should not reconsider the award of damages. Petitioner argues that the Court is without jurisdiction to reconsider the damage award in light of the limited remand of the Court of Appeals, as that issue is before the Court of Appeals. We do not agree with either parties' primary position, that is that we cannot now consider the damage award under section 6673. While the remand was for the limited purpose of resolving petitioner's claim for deductions, it is possible that any finding with respect to such claims could affect the question of whether proceedings before this Court have been instituted or maintained by petitioner primarily for delay or whether petitioner's position in this proceeding is groundless *583 or frivolous. [7]
Respondent argues, alternatively, that if the Court does reconsider the award of damages under section 6673, then based upon the record in this case, as well as that of prior proceedings before this Court, the filing of the petition and the maintaining of this action was primarily for delay. He argues, therefore, that the damage award should be sustained. Petitioner argues that the original position of both respondent and this Court was that petitioner's position was frivolous. Petitioner argues that respondent now abandons his original position, that the petition was frivolous or groundless, and raises a new claim that the petition was filed primarily for delay which is outside the scope of remand. [8]
*584 In his memorandum in support of the damage award, respondent presented additional relevant information concerning petitioner's previous proceedings in this Court. [9] We discuss these facts as they relate to the application of the damage award. A notice *585 of deficiency was issued to Richard F. Piche and Marie M. Piche on March 22, 1982 relating to a deficiency for the taxable year 1978 in the amount of $4,151.13. A timely petition was filed by Mr. and Mrs. Piche at docket number 13774-82. In a statement of error and facts in support thereof, petitioner stated as follows in their petition: 4. The determination of the tax set forth in said notice of deficiency is based upon the following errors: The respondent is attempting to collect an additional tax as set out in the Notice of Deficiency (exhibit A) by arbitrary assessment devoid of correct facts and figures absent any factual information to determine said deficiency; and said Notice is barred by Statute of Limitations. * * * On April 12, 1982, respondent issued a notice of deficiency to Richard F. Piche for the taxable years 1979 and 1980 determining deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6651(a)
1979
$3,520.28
$604.11
$ 880.07
1980
$4,149.20
$706.60
$1,037.30
The basis for the deficiencies and additions to tax was that petitioner failed to file income tax returns for the years *586 in issue. Respondent determined that Mr. Piche received wages in those years of approximately $35,000 and $38,000, respectively. On July 9, 1982, petitioner filed a petition seeking redetermination of these deficiencies which was assigned at docket number 16990-82. In paragraph 4 thereof he stated as follows: 4. The determination of the tax set forth in the said notice of deficiency is based upon the following errors: The respondent is attempting to collect a tax as set out in the Notice of Deficiency (exhibit A) by arbitrary assessment devoid of all facts absent any factual information [sic] to determine what amounts, if any, are due in said deficiency; and in addition, the alleged penalties provided by section 6653(A) and 6651(A), fail to set forth any facts or evidence to support the position that the underpayment of any alleged tax was due to negligence or intentional disregard of rules and regulations, by the petitioner; furthermore, the petitioner has facts which will support that any alleged failure to file was due to negligence and acts performed by those officers under the control and direct supervision of the respondent and/or his delegate. In August of 1983, respondent *587 filed a Motion for Summary Judgment in each of these dockets. As a basis for his motions, respondent argued that petitioners alleged neither justiciable error nor justiciable facts in support of any error as required under Rule 34(b)(4) and Rule 34(b)(5). By notice dated July 8, 1983, these cases were set for trial on the October 3, 1983, trial session at Buffalo, New York. By notice dated August 23, 1983, petitioners were notified that respondent's motions for summary judgment were set for hearing on October 3, 1983. With respect to docket number 13774-82 involving the taxable year 1978, petitioners apparently presented information to respondent's representatives with respect to expenses claimed on their 1978 return. A stipulated decision was filed by the parties on October 5, 1983, reflecting no deficiency and no overpayment for the taxable year 1978. At some point prior to trial or hearing on respondent's motion, petitioner Richard F. Piche presented schedules reflecting his income and expenses with respect to 1979 and 1980. The parties came to an agreement as to the proper deficiency and additions to tax, and accordingly, filed a stipulated decision with the Court which *588 was entered on February 17, 1984. With respect to the years in issue, 1981 and 1982, petitioner received wages of $43,508.04 and $46,988.76, respectively. Petitioner failed to file Federal income tax returns for these years. On March 16, 1984, a notice of deficiency was issued with respect to the 1981 and 1982 years which were the subject matter of this case. In his petition, petitioner made numerous protester type arguments. [10] The Court's order of dismissal and decision was entered on September 21, 1984 granting respondent's motion for failure to state a claim upon which relief can be granted and further granting respondent's request for damages under section 6673. Petitioner for the first time specified entitlement to deductions in his motion for reconsideration filed October 22, 1984. [11]
After this matter was remanded and we issued our order *589 dated June 5, 1985, petitioner, for the first time, on July 11, 1985, submitted Forms 1040 for the taxable years 1981 and 1982 which reflected wage income in the amounts of $43,508 and $46,989, respectively. Section 6673 provides as follows: When it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax. In Abrams v. Commissioner,82 T.C. 403, 410 (1984), we held as follows: It is clear under the statute that taxpayers can delay proceedings in this Court by means other than raising frivolous or groundless positions. Delay by such other means may, likewise, subject a taxpayer to an award of damages. The record in this case overwhelmingly leads us to the conclusion that the proceedings have been instituted and maintained by *590 petitioner primarily for delay. Petitioner attempted to utilize the Court on this occasion as well as on two prior occasions as an agency for the filing of returns and claiming deductions. Petitioner has failed to present information concerning his entitlement to deductions in a reasonable and timely manner, has failed to file Federal income tax returns, and has continued his arguments that wages are not income. In each docketed case it is apparent that petitioner waited until the very last moment before presenting information to respondent for a proper determination of his Federal income tax. For the years in issue, petitioner did not even file an income tax return acknowledging receipt of wage income until after the initial order of this Court. Petitioner knew or should have known the consequences based upon his prior proceedings in the Court. This Court is not the appropriate vehicle for the initiation of reporting of income and deductions. Petitioner has deliberately delayed the determination and payment of his proper tax liabilities by the filing of the petition and the maintenance of this proceeding. Based upon the foregoing, we found that damages were due from petitioner *591 in the amount of $5,000 pursuant to section 6673. We find no reason to change that award. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. We note that in a footnote the Commissioner stated that the award of damages under section 6673↩ was justified in light of the petitioner's tax protest arguments.
4. This information was confirmed in a conference call on the same date. Accordingly, the parties filed memoranda of law with respect to the section 6673↩ issue. 5. It is further noted that on August 9, 1985, the Court received a copy of a letter from respondent addressed to the petitioner in which the petitioner was sent a stipulation of settled issues. To the Court's knowledge, the stipulation has not been executed by the parties or filed with the Court.↩
6. Respondent filed a computation for entry of decision on July 24, 1985, seeking deficiencies and additions to tax which are reduced from the notice of deficiency and from the Courts finding of September 21, 1984. These reduced amounts were apparently based upon submission of information by petitioner to respondent of entitlement to certain itemized deductions. In any event no evidence was presented to the Court to rebut respondent's disallowance.↩
7. We also reject petitioner's argument that, because of the limited remand, we are without jurisdiction to consider the damage award issue. In this regard petitioner's argument is similar to respondent's; the result of accepting either position would leave intact the damage award as found in our order of September 21, 1984.↩
8. We again reject petitioner's argument. Respondent's motion seeking damages under section 6673↩ was filed on August 13, 1984. Since the filing of that motion and its original consideration by this Court, additional facts have been presented for consideration. Some of these facts are the very basis for the remand, that is the issue of petitioner's entitlement to additional itemized deductions. Accordingly, this issue is not a new one, and we may consider all facts and circumstances in its application.
9. Respondent attached numerous exhibits to his memorandum. While these documents have not been offered into evidence, they relate to facts extracted from prior docketed cases. The Court may take judicial notice of such facts. Furthermore, petitioner in his various pleadings and arguments admits to many of the allegations. Petitioner has not disputed any of respondent's allegations as they relate to prior litigation. See Rules 201(c), (d), (e) and (f), Federal Rules of Evidence; Syndes v. Commissioner,74 T.C. 864, 868 n.5 (1980), affd. 647 F.2d 813 (8th Cir. 1981); Kinnett Dairies, Inc. v. Farrow,580 F.2d 1260, 1278 n.33 (5th Cir. 1978); St. Louis Baptist Temple, Inc. v. F.D.I.C.,605 F.2d 1169, 1172 (10th Cir. 1979); Hart v. Commissioner,730 F.2d 1206, 1207 n.4 (8th Cir. 1984); Hicks v. Commissioner,T.C. Memo. 1970-267↩.
10. These arguments are more fully set forth in our prior order. ↩
11. It is noted that attached to his motion for reconsideration, petitioner attached various schedules of a 1981 and 1982 return, however, petitioner did not attach a face page reporting his wage income. The Court denied petitioner's motion on October 26, 1984.↩