# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2077

_____

United States of America,

          Appellee,

v.

Jose Guadalupe Lopez-Becerra,

          Appellant.

\* 
\* 
\* 
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\* 
\*   [UNPUBLISHED]
\* 

_____

Submitted: May 7, 2007
Filed: May 8, 2007

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

    Jose Guadalupe Lopez-Becerra appeals the 9-month prison sentence imposed by the district court[1] upon revocation of his supervised release. We affirm.

    Lopez-Becerra originally pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, a Class C felony, and was sentenced in April 2005 to 12 months and 1 day in prison, and 3 years of supervised release. See 21 U.S.C. § 841(b)(1)(C) (20-year maximum prison term); 18 U.S.C.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

§ 3559(a)(3) (offense classification).  Upon his release from prison, Lopez-Becerra was placed on supervised release and deported to Mexico in July 2005.

On December 15, 2005, after Lopez-Becerra had reentered the United States and was sentenced in state court on an unrelated matter, the district court issued a warrant for Lopez-Becerra's arrest for violating two conditions of his supervised release.  On the same day, Lopez-Becerra was indicted in the district court for illegal reentry into the United States; he pleaded guilty to that charge on January 4, 2006.[2]

On March 27, 2006, the district court held back-to-back hearings:  Lopez-Becerra's sentencing hearing in his illegal reentry case, and the supervised-release revocation hearing in the case at bar.  At the sentencing hearing, which occurred first, the district court sentenced Lopez-Becerra to 24 months in prison and 3 years of supervised release, noting that it was considering all of the 18 U.S.C. § 3553(a) factors.  Shortly thereafter, at the revocation hearing, Lopez-Becerra admitted the violations of the conditions of his supervised release, and the court sentenced him to 9 months in prison to run consecutively to the previously imposed 24-month sentence.

We hold that the district court did not abuse its discretion in revoking Lopez-Becerra's supervised release.  See United States v. Edwards, 400 F.3d 591, 592 (8th Cir. 2005) (per curiam) (given defendant's admission that he had violated release conditions, there was no clear error in findings of fact supporting revocation and no abuse of discretion in decision to revoke).  We further hold that the 9-month revocation sentence was not unreasonable and therefore not an abuse of discretion. The sentence was within authorized limits and was clearly supported by the district court's consideration of the section 3553(a) factors.  See 18 U.S.C. § 3583(e)(3) (2-

---

[2]We take judicial notice of the proceedings in Lopez-Becerra's illegal reentry case.  See Hart v. Comm'r, 730 F.2d 1206, 1207-08 n.4 (8th Cir. 1984) (per curiam) (federal court may take judicial notice of proceedings in other courts that directly affect matter at issue).

year maximum revocation sentence if underlying offense was Class C felony); U.S.S.G. § 7B1.4, p.s. (imprisonment range of 3-9 months for Grade C violations where offender has Category I criminal history); United States v. Tyson, 413 F.3d 824, 825 (8th Cir. 2005) (per curiam) (revocation sentences are reviewed for unreasonableness in accordance with United States v. Booker, 543 U.S. 220 (2005)); United States v. Franklin, 397 F.3d 604, 606-07 (8th Cir. 2005) (all that is required is evidence that court considered relevant matters, not that court made specific findings on each § 3553(a) factor; although Guidelines recommended 8-14 months, 24-month revocation sentence was not abuse of discretion where transcript showed court was aware of defendant's multiple violations of supervised-release conditions and of Guidelines range and statutory maximum); cf. Wadlington v. United States, 428 F.3d 779, 784 n.2 (8th Cir. 2005) (evidentiary hearing not necessary when district court is thoroughly familiar with record of case), cert. denied, 127 S. Ct. 723 (2006).

Accordingly, we affirm. Counsel's motion to withdraw is granted.

_____